UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ELVIN MEJIA,                                                                      Civil Action No.

                               Plaintiff,

   -against-

CC RESTAURANT GROUP, CORP. d/b/a
OAK HOUSE MEXICAN KITCHEN, GAVIN
DOHERTY, and LINDSAY DOHERTY,

                               Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiff, ELVIN MEJIA ("Plaintiff"), as and for his Complaint against Defendants, CC RESTAURANT GROUP, CORP. d/b/a OAK HOUSE MEXICAN KITCHEN (hereinafter, "Oak House"), GAVIN DOHERTY, and LINDSAY DOHERTY (hereinafter collectively, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law, and the New York Codes, Rules, and Regulations Parts 142 and 146 (hereinafter, "NYLL") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff was employed by Defendants as a cook from on or about March 19, 2017 until on or about December 21, 2017.

6.      Upon information and belief, Defendant Oak House is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      Upon information and belief, Defendant Gavin Doherty is a resident of the State of New York.

8.      Upon information and belief, Defendant Lindsay Doherty is a resident of the State of New York.

9.      Upon information and belief, Defendants own and operate a restaurant known as Oak House Mexican Kitchen located at 155 Tulip Avenue, Floral Park, New York 11001.

10.     At all relevant times, Defendants Gavin Doherty and Lindsay Doherty were and still are corporate officers of Defendant Oak House.  Upon information and belief, at all times relevant, Defendants Gavin Doherty and Lindsay Doherty exercised operational control over Defendant Oak House, controlled significant business functions of Defendant Oak House, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Oak House in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees.  As such, at all relevant times, Defendants Gavin Doherty and Lindsay Doherty have been employers under the FLSA and the NYLL.

## FACTS

11. At all times relevant to this action, Plaintiff was employed as a cook for the benefit of and at the direction of Defendants at their restaurant located at 155 Tulip Avenue, Floral Park, New York 11001.

12. From on or about March 19, 2017 until on or about December 21, 2017, Plaintiff worked six (6) days per week with Wednesdays off.

13. From on or about March 19, 2017 until on or about April 15, 2017, Plaintiff worked Sunday from 10:00 a.m. until 11:00 p.m., Monday from 1:00 p.m. until 11:00 p.m., Tuesday from 1:00 p.m. until 11:00 p.m., Thursday from 8:00 a.m. until 11:00 p.m., Friday from 4:00 p.m. until 12:00 a.m., and Saturday from 4:00 p.m. until 12:00 a.m.

14. During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks longer than fifteen (15) minutes.

15. During this time, Plaintiff worked sixty-four (64) hours per week.

16. From on or about April 16, 2017 until on or about December 21, 2017, Plaintiff worked Monday from 8:00 a.m. until 11:00 p.m., Tuesday from 8:00 a.m. until 11:00 p.m., Thursday from 8:00 a.m. until 11:00 p.m., Friday from 4:00 p.m. until 12:00 a.m., and Saturday from 4:00 p.m. until 12:00 a.m. Additionally, Plaintiff worked every Sunday, alternating every other week between the 10:00 a.m. until 11:00 p.m. shift and the 8:00 a.m. until 11:00 p.m. shift.

17. During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks longer than fifteen (15) minutes.

18. During this time, Plaintiff worked seventy-four (74) hours per week when he worked the 10:00 a.m. Sunday shift, and he worked seventy-six (76) hours per week when he worked the 8:00 a.m. Sunday shift.

19. Throughout Plaintiff's employment, his primary responsibilities included prepping and cooking food.

20. Throughout Plaintiff's employment, Defendants paid Plaintiff an hourly rate of pay.

21. Throughout Plaintiff's employment, Defendants paid Plaintiff in cash on a weekly basis, with the exception of one pay check that was made via check but made out to cash.

22. Throughout Plaintiff's employment, Defendants paid Plaintiff straight time for all hours worked.

23. Throughout Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

24. Throughout Plaintiff's employment, Plaintiff regularly worked shifts that exceeded ten (10) hours per day.

25. Throughout Plaintiff's employment, Defendants did not pay Plaintiff spread of hours compensation at a rate of one (1) additional hour of pay at the basic minimum hourly rate.

26. Throughout Plaintiff's employment, Plaintiff was not required to and did not sign in or out of his daily shifts.

27. Throughout Plaintiff's employment, Defendants failed to maintain accurate time and payroll records.

28. Defendants failed to provide Plaintiff with a notice and acknowledgment of pay rate and pay day, or any other type of wage notice, at the time of his hiring, or at any time thereafter, as required by NYLL § 195(1).

29. Throughout Plaintiff's employment, Defendants failed to provide Plaintiff with earnings statements, paystubs, cash receipts, or any other type of wage statement along with his weekly paycheck, as required by NYLL § 195(3).

30. Defendants Gavin Doherty and Lindsay Doherty participated in the decision to hire Plaintiff.

31. Defendants Gavin Doherty and Lindsay Doherty participated in the decision to fire Plaintiff.

32. Defendants Gavin Doherty and Lindsay Doherty participated in the daily supervision of Plaintiff's duties.

33. Defendants Gavin Doherty and Lindsay Doherty participated in setting Plaintiff's work schedule.

34. Defendants Gavin Doherty and Lindsay Doherty participated in deciding the manner in which Plaintiff was paid during his employment.

35. Defendants Gavin Doherty and Lindsay Doherty participated in running the day-to-day operations of Defendant Oak House during Plaintiff's employment.

36. Defendants Gavin Doherty and Lindsay Doherty participated in deciding the hours that Plaintiff worked each week during his employment.

37. Defendants Gavin Doherty and Lindsay Doherty participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

38. Defendants managed Plaintiff's employment, including the amount of overtime worked.

39. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

40. Defendants were aware of Plaintiff's work hours, but failed to pay him the full amount of wages to which he was entitled for this work time under the law.

41. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

42. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

43. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

44. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Oak House is an enterprise engaged in commerce or in the production of goods for commerce.

45. At all times relevant to this Complaint, Defendants had, and continue to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who was employed as a cook and used equipment, supplies, and food that have moved in interstate commerce.

46. Upon information and belief, the gross annual volume of sales made or business done by Defendant Oak House for the year 2017 was not less than $500,000.00.

47. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

48. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

49. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

50. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

51. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

52. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

53. Defendants have not acted in good faith with respect to the conduct alleged herein.

54. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

55. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

56. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

57. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 NYCRR §§ 142-2.2, 146-1.4.

58. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

59. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendants.

60. Plaintiff was not exempt from the overtime provisions of the New York Labor Articles, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

61. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendant have not acted in good faith with respect to the conduct alleged herein.

62. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

63. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

64. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting New York Labor Articles.

65. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

66. Defendants willfully failed to provide Plaintiff accurate written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of

9

employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

67. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting New York Labor Articles.

68. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS

69. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

70. As set forth herein, Plaintiff's shifts were regularly spread beyond ten (10) hours per day during his period of employment with Defendants.

71. Defendants never paid spread of hours pay to Plaintiff as required under Part 146, section 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

72. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

73. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime and spread of hours compensation to Plaintiff;

4. Willfully violated the applicable provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all overtime and spread of hours compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award interest on all NYLL overtime and spread of hours compensation and other compensation due accruing from the date such amounts were due;

E. Award all costs, attorney's fees incurred in prosecuting this action, and statutory penalties under the NYLL; and

      F.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       February 20, 2018

                                                                                   _____
                                                                                   Neil H. Greenberg, Esq.
                                                                                   Neil H. Greenberg & Associates, P.C.
                                                                                  *Attorneys for the Plaintiff*
                                                                                  4242 Merrick Road
                                                                                  Massapequa, New York 11758
                                                                                  Tel: 516.228.5100
                                                                                  Fax: 516.228.5106
                                                                                  nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra _CC Restaurant Group, Corp._, y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against _CC Restaurant Group, Corp._ and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

x _Glwin Mejia_
Firma (Signature)